[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Sandra Zelich appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of her blood after her arrest on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendant commissioner.
The plaintiff was arrested by the state police and charged with operating a vehicle while under the influence of alcohol. The results of the two intoximeter tests administered by the police were .216 and .185. After a hearing, the commissioner affirmed the findings of the hearing officer and suspended the plaintiff's operating license.
In her brief on appeal, the plaintiff advances three CT Page 4472 arguments: (1) that the intoximeter was malfunctioning; (2) that the breath test was not commenced within two hours after she was operating her vehicle; and (3) that the police did not have a sufficient basis for stopping her.
The plaintiff's argument that the intoximeter was malfunctioning is based on her testimony at the hearing that she observed the police attempting to cool the machine by changing the fluid and opening the window. She also introduced the written statement of an expert to the effect that an overheated machine would not give a true reading. In opposition, the police A-44 report form, signed under oath and penalty of false statement, states that the "analytical device was certified, analytical device was operated by a certified operator, and analytical device was checked for accuracy in accordance with applicable state regulations." The hearing officer was entitled to accept the statements in the A-44 form and reject other evidence, including the testimony of the plaintiff. Schallenkamp v. DelPonte, 229 Conn. 31 (1994).
With regard to the plaintiff's second argument, the police officer's reports state that on or after 10:45 pm, he received information concerning the plaintiff's vehicle and observed her driving it on Route 15 near Exit 59 in New Haven. It is not clear whether he saw the plaintiff at 10:45 pm or received the despatch concerning her at that time. The report does clearly indicate, however, that his observation of her driving was not before 10:45 pm. The report and machine ticket indicate that the first breath test was administered at 11:59 pm. The hearing officer had sufficient evidence, therefore, that the test was "commenced within two hours of the time of operation" as required by General Statutes § 14-227b.
The plaintiff's argument concerning the circumstances of the investigatory stop by the police is based on confusion in the police reports about the make of her vehicle. The reports indicate the vehicle was an Oldsmobile. The plaintiff testified she was driving a Chrysler. There is no dispute that the police stopped the plaintiff while she was driving a vehicle. The police reports also clearly state that the officer observed her vehicle, whatever its make, swerving back and forth between lanes for about a mile. That provided sufficient reasonable and articulable suspicion as a basis for legally stopping her under the rule of Terry v. Ohio, 392 U.S. 1
(1968) and State v. Lamme, 216 Conn. 172 (1990). CT Page 4473
The appeal is dismissed.
MALONEY, J.